60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alton HORNBACK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-55115.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alton B. Hornback ("Hornback") appeals pro se from a district court's order dismissing the complaint in which he sought 15 million dollars in damages from the United States for its classification of his invention as secret, an act that he contends constituted a taking requiring just compensation under the Fifth Amendment. The district court determined that it lacked jurisdiction because district court jurisdiction for civil actions against the United States is limited to cases where damages sought do not exceed $10,000. We dismiss the appeal for lack of a final appealable order.
 
 
 3
 "Ordinarily an order dismissing a complaint but not dismissing the action is not appealable under section 1291 unless circumstances make it clear that the court concluded that the action could not be saved by an amendment of the complaint." Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n.1 (9th Cir. 1984). An order dismissing a complaint without prejudice may be final and appealable "'if the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint."' McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir. 1992) (citation omitted).
 
 
 4
 In this case, in dismissing the complaint the district court stated that it would have jurisdiction over the case if Hornback filed an amended complaint waiving recovery of more than $10,000 and pleading facts that would justify tolling the statute of limitations. Although the district court determined that transfer of the case to the Court of Federal Claims was not required by 28 U.S.C. Sec. 1631 because the six year statute of limitation on the claim had run, the district court acknowledged the possibility that Hornback could amend his complaint to plead facts that would justify the tolling of the statute of limitations, and did not enter final judgment. These facts indicate that the district court believed the action could be saved by an amendment. See id. at 1054.
 
 
 5
 There is insufficient evidence to support a finding that Hornback decided to stand on his complaint. He did not inform the district court that he had decided not to amend the complaint. See Proud v. United States, 704 F.2d 1099, 1100 (9th Cir. 1983) (per curiam). Additionally, although the United States argued in its opposition brief on appeal that the district court's order is not final because Hornback failed to inform the court that he was standing on his complaint, Hornback fails to clarify in his reply brief whether he is standing on his complaint.
 
 
 6
 Because the exceptions to the rule of nonappealability are not satisfied, the order is not appealable.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3